IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

                        Plaintiff,
   v.                                              OPINION and ORDER

OFFICER KASTENS, OFFICER BEHNKE              23-cv-373-jdp
UNKNOWN DOE OFFICER,
and CHRISTOPHER DICKSON,

                        Defendants.

---

Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman, appearing pro se, is a prisoner at Waupun Correctional Institution. Helmueller alleges that in 2020, police officers violated his Fourth Amendment rights by seizing his van without a warrant. Helmueller seeks leave to proceed in forma pauperis in the case, but he has "struck out" under 28 U.S.C. § 1915(g).

That provision reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, Helmueller has brought actions that were dismissed because they were frivolous or malicious or they failed to state a claim upon which relief may be granted. *See Helmueller v. Officers, Judges, and/or Responsible Officials*, 22-cv-41-bbc, (W.D. Wis. July 1, 2022); *Helmueller v. Hallett*, 22-cv-463-jdp (W.D. Wis. Oct. 25, 2022); *Helmueller v.*

*Wilson*, No. 23-cv-297, 2023 WL 3322332, at *1 (E.D. Wis. May 9, 2023). Therefore, he cannot proceed in forma pauperis in this case unless I conclude that his allegations show that he is in imminent danger of serious physical injury.

To meet the imminent-danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Helmueller doesn't meet the imminent-danger standard because his allegations are about the 2020 seizure of his van. Because he does not allege that he is currently at risk of harm, he is barred from proceeding in forma pauperis on his claims. I will dismiss this case without prejudice. If Helmueller pays the filing fee by the deadline set below, I will reopen the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman is DENIED leave to proceed in forma pauperis under 28 U.S.C. § 1915(g).

2. This case is DISMISSED without prejudice, subject to being reopened if Helmueller submits the remainder of the $402 filing fee for this case by July 12, 2023.

Entered June 21, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge